LAW OFFICES
**KATOR, PARKS & WEISER**
P.L.L.C.
SUITE 1000
1200 18TH STREET, N.W.
WASHINGTON, D.C. 20036-2506

(202) 898-4800
FAX: (202) 289-1389

January 4, 2010

Alexis P. Taylor
General Counsel
Office of Human Rights for the District of Columbia
One Judiciary Square
441 4th Street, NW, Suite 570 North
Washington, DC 20001
Fax: 202 727-9589
alexis.taylor@dc.gov

> Re: Request for Opinion on Withdrawing Complaints in *Tonia Jones and Kenniss M. Weeks v. D.C. Metropolitan Police Department*, 08-206(CN) and 08-207(CN), and Pursuing Complaints *de novo* in Court

Dear Ms. Taylor:

Thank you for taking the time to speak with me on December 7, 2010, about our clients' options for pursuing their pending OHR complaints in court. We also appreciate the time you and your office have devoted to answering our questions about the OHR complaint process as our clients, Officer Jones and Detective Weeks, have proceeded with their claims. We are now requesting written opinions from your Office on two lingering questions which could greatly affect our clients' rights: (1) whether our clientsmay withdraw their claims and proceed to court *de novo* prior to the OHR hearing; and (2) the basis for your Office's position that District employees are not entitled to attorney fees or compensatory damages before OHR.

1. *Request for written opinion on clients' withdrawal rights*

On July 16, 2010, your Office issued Probable Cause Findings of illegal harassment and reprisal in both of our clients' cases. During the Conciliation process, the mediator, Ms. Georgia Stewart, indicated that our clients might still have rights to pursue their claims *de novo* in court. *See e.g. Weaver v. Gross*, 41 Empl. Prac. Dec. (CCH) P36, 446, 1986 U.S. Dist. LEXIS 26312 (D.D.C 1986), *following Jones v. Management Partnership, Inc.*, 32 Fair Empl. Prac. Cas. (BNA) 639, 640 (D.D.C. 1983) (finding plaintiff's claim not barred because plaintiff's administrative action was very much alive, and awaiting a hearing by the Commission on Human Rights, when she decided to withdraw it and proceed in court), *and Blake v. American College of Obstetricians & Gynecologists*, 608 F. Supp. 1239 (D.D.C. 1985) (same). We contacted your office to seek further guidance on the issue, and you directed our attention to the ongoing case of *Adams v. D.C. Department of Mental Health,* Civil Action No. 09-CV-02459 (D.D.C).

KATOR, PARKS & WEISER
P.L.L.C.

Alexis Taylor
January 4, 2010
Page 2

      Since then, we have been following the *Adams* case, in which Judge Urbina adopted the D.C. Court of Appeal's decision in *Andersen v. Safety Deposit*, 522 A.2d 859 (D.C.1989), and rejected the D.C. district court's prior rulings in *Weaver*, *Jones*, and *Blake*, as incorrect interpretations of the D.C. Human Rights Act. Judge Urbina interpreted D.C. Code § 2-1403.04, which requires withdrawal "prior to the completion of the OHR's investigation and *findings*," as requiring withdrawal prior to a determination of probable cause. Until the *Adams* decision, the case law was clear that a D.C. government employee could withdraw and seek review in court *de novo* following a Probable Cause finding. *See e.g., Weaver v. Gross, supra* ("a plaintiff alleging discrimination in proceedings before the Office of Human Rights may preserve her alternative judicial remedy by withdrawing her administrative complaint, even after the office has found probable cause for discrimination, if her withdrawal *occurs before an actual hearing on the merits is held*") (Emphasis added). This position is also supported by Title 4 of the District of Columbia Municipal Regulations (DCMR), Chapter 1, on complaints of discrimination in the District of Columbia government, which refers to "findings" as those made by the Hearing Examiner *after* a probable cause determination. 4 DCMR Sec. 113.

      Recently, MPD's attorney also offered her opinion that our clients may still proceed to court for *de novo* review at this point. MPD apparently would prefer for this case to proceed in court, in part, because of the parties' disagreement as to what remedies would be available at the Commission versus in court. She discussed with us several pending MPD cases which are being litigated in federal court *after* a Probable Cause finding. However, the cases cited by MPD's representative preceded *Adams,* and in those cases the District did not move to dismiss on the grounds raised in *Adams*. *See e.g., Motley-Ivey, Kimberli v. DC*, 09-0571, and *Shalonda Tompkins Davis v. DC*, 08-1592, USDC (both pending before Judge Collyer (D.D.C.). As of this writing, the *Adams* case is still pending a review of that plaintiff's motion for reconsideration of Judge Urbina's September 28, 2010 ruling.

      Because of our concerns over the effect that *Adams* may have on our clients' rights, and the apparent confusion over whether and when District employees may withdraw their complaints and proceed *de novo* to Court, we asked MPD and the District for written assurances that they would not pursue the same tact as used in *Adams*. To date we have received no response.

      Although we believe that the *Adams* case is an outlier, and should be reversed, we obviously do not want to jeopardize our client's DCHRA claims by withdrawing from OHR given the tenuous legal landscape. As we discussed with you during our call on December 7, 2010, we believe it would be very useful for OHR to issue a formal opinion or position statement on this issue. During our call, you stated that, for District employees (as opposed to private employees), your Office considered a Summary Determination made by the Hearing Examiner to

KATOR, PARKS & WEISER
P.L.L.C.

Alexis Taylor
January 4, 2010
Page 3

be a "final agency decision," not a probable cause finding. You indicated that this might support our clients' decision to litigate in court, however, we know of no written document memorializing such a policy. If there is such authority, or a written policy on the matter, we would appreciate a copy of such guidance. In the alternative, we request a written opinion from your Office that our clients may withdraw their DCHRA claims and pursue them *de novo* in court as long as they do so before the hearing examiner's final determination. In addition, we are interested in an opinion whether, if we withdraw their claims and file in court, our clients would have rights to re-file with OHR and proceed with hearing should that court follow Judge Urbina's decision in *Adams* and dismiss their cases on election of remedy grounds.

In addition, we again request that the Director consider dismissing our clients' cases for "administrative convenience," which is the other statutory means by which our clients would be able to pursue their claims in court and, their claims for attorneys fees and compensatory and other monetary damages. D.C. Code § 2-1403.16. We were previously told the Director had declined to close the case for administrative convenience, but were not told why. Given MPD's agreement that this matter would be better litigated (and potentially resolved) in court, it seems like a natural case for closure based on administrative convenience.

2. *Request for written opinion on basis for ineligibility of District employees to obtain monetary damages before OHR*

During our December 7 call, I also asked you about a statement that ALJ Simmons made during the Scheduling Conference that, if our clients pursued their claims before OHR and were successful, they would have no rights to collect attorneys' fees or compensatory damages. Confusingly, he simultaneously noted Judge Urbina's recent decision in *Adams* as preclusive of any right our clients may have had to pursue such claims in federal or local courts. This left us wondering about the legal basis for his opinion that, at OHR, our clients are not entitled to full relief under the Human Rights Act, and your Office's position on the same. You mentioned the Mayor's Order (75-230, 1975), as interpreted by *Kennedy v. District of Columbia*, 654 A.2d 847 (1995). Further, you stated that while there was no written policy, it was the position of your office to read *Kennedy* and the Mayor's Order as supporting a practice of *not* awarding District employees compensatory damages or attorneys' fees at OHR. However, you also agreed that there appeared to be inconsistencies in the language of the Human Rights Act, as amended, the Mayors Order, and the process by which your Office currently approaches private vs. District employee cases.

We have several concerns with your Office's position that our clients are not entitled to compensatory damages or attorneys' fees if they remain at the Commission. First, this position is inconsistent with the plain language of the Mayor's Order, which clearly states that "When the Director [of] EEO finds that an employee of a department was discriminated against and as a

KATOR, PARKS & WEISER
P.L.L.C.

Alexis Taylor
January 4, 2010
Page 4

result of that discrimination was denied an employment benefit, or an administrative decision adverse to him was made, the department shall take remedial actions which shall include one or more of the following, *but need not be limited to*" a series of enumerated but not all-inclusive actions. Mayor's Order 75-230, Sec. 19(b). Thus, the enumerated actions are *not preclusive* of monetary relief. More importantly, the Mayor's Order specifically notes "[n]othing in this order shall be construed to supercede any Federal *or District law*." Order at 2 (Emphasis added). District of Columbia law, specifically the Human Rights Act as amended, plainly prohibits discrimination, harassment, and reprisal on the basis of sex and sexual orientation against any employee, and allows for compensatory damages and other relief. The guidelines on the award of compensatory damages and attorneys' fees reaffirm this notion. In addition, Title VII provides for damages and fees as compensation for unlawful discrimination, and the District cannot supercede federal law on this point. *See Porter v. District of Columbia*, 502 F. Supp. 271 (1980).

Second, we believe your office's position as currently stated is in direct contradiction of the *Kennedy* case itself, as well as other cases interpreting District employees' rights under the Act. In fact, the D.C. Court of Appeals has not precluded a finding that District employees are entitled to compensatory damages and attorneys' fees under the Act. For example, in *Newman v. District of Columbia*, 518 A.2d 698 (1986), the D.C. Court of Appeals held that once a D.C. government employee exhausts her administrative remedies under the Human Rights Act, she is free to file an action for damages or for whatever other remedies may be appropriate. Earlier, in *Lamont v. Rogers*, 479 A.2d 1274, 1277 (D.C. 1983) the Court of Appeals held that Mayors' Order 75-230 did *not* preclude a remedy of compensatory damages for D.C. employees under the Human Rights Act because the order states that remedial actions upon a finding of discrimination "need not be limited" to those enumerated" in the Order. This holding was reaffirmed in *Kennedy v. D.C.* 654 A.2d 847 (1995), which, while declining to rule on the question of whether compensatory damages and fees were available because of the claimant's failure to exhaust his administrative remedies, acknowledged that the language of the statute regarding administrative remedies was unclear under the Order and could be interpreted as allowing monetary damages. The Court went on to note that given the "including *but not limited to*" language, the Human Rights Act may include "more remedies than under Title VII" (citing *Lamont*, which rejected the government's argument that a public employee was limited to those remedies spelled out in section 19 (b)).

Finally, we believe this position is in direct contradiction with the D.C. Human Rights Act, particularly in light of Amendments which granted District employees rights to pursue their claims in a civil action. While the Department may rely on the 1975 Mayor's Order 75-230 (as amended by 79-89) for the proposition that District employees are not entitled to compensatory damages under the Human Rights Act, District law proves otherwise. As an initial matter, the 2007 amendments to the Human Rights Act make clear that compensatory damages are available to any employee who is discriminated against in violation of the act, including District

**KATOR, PARKS & WEISER**
P.L.L.C.

Alexis Taylor
January 4, 2010
Page 5

employees. D.C. Code § 2-1403.13 (a)(1) Decision and order (providing for relief *"including but not limited to*: ... (D) The payment of compensatory damages to the person aggrieved by such practice; (E) The payment of reasonable attorney fees..." The Code is silent as to any differentiation between private and public sector employees covered by the Act. Further, the regulatory guidelines interpreting this section of the Code, 4 DCMR 200, *et seq*, are also silent as to any such distinction.

We have therefore found nothing to indicate that the D.C. Council only intended private employees, as opposed to District employees, to obtain monetary relief under the Act. Further, the fact that the Council has created a private right of action for District employees, and that District employees can and have obtained attorney fee and monetary damage judgments in District courts under the Act, indicates that District employees are entitled to monetary relief under the Human Rights Act in all circumstances, and thus in a hearing before the Commission.

We urge your office to reconsider its position on this issue, and to issue a new position statement that iterates District government employees' rights to monetary relief, including compensatory damages and attorneys fees, at the Commission. In addition, we respectfully request a written response to the enumerated concerns and questions above, and again renew our request for your Office to dismiss this matter "for administrative convenience" so our clients are free to pursue their claims in Court.

Sincerely,

Cathy A. Harris
Juliette Niehuss

cc:   Teresa Quon, MPD
      Director Velazquez, OHR

KATOR, PARKS & WEISER
P.L.L.C.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of January 2011, a true and complete copy of the foregoing letter was served by facsimile, email, and first-class mail, postage-prepaid, and fax on the following:

Teresa Quon
Senior Assistant Attorney General
Office of the General Counsel
Metropolitan Police Department
300 Indiana Avenue, NW
Rm. 4125
Fax: (202) 727-3308
teresa.quon@dc.gov

Gustavo Velasquez, Director
D. C. Office of Human Rights
441 4th Street, N. W., Room 570N
Washington, D. C. 20001
Fax:(202)727-9589

Juliette Niehuss